## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JENNIFER L. LIBERTY,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL IOWA HOSPITAL CORPORATION d/b/a IOWA HEALTH SYSTEMS – Iowa Methodist, Lutheran & Blank, et al., LUANN NUNN, WANDA MARSHALL, LUCINDA LEEPER, and SHERYLE SULLIVAN, individually and in their capacity as employees of CENTRAL IOWA HOSPITAL CORPORATION,<br><br>    Defendants. | Case No. _____<br><br><br><br><br>**PETITION AT LAW**<br>**&**<br>**JURY DEMAND** |

COMES NOW, the Plaintiff, by and through his attorney, the undersigned, hereby respectfully states to the Court as follows:

### PARTIES, JURISDICTION & VENUE

1. At all times material hereto, Plaintiff was a citizen and resident of Polk County, Iowa.

2. At all times material hereto, Defendant Central Iowa Hospital Corporation was a corporation doing business as Iowa Health Systems – Iowa Methodist, Iowa Lutheran, and Blank Children's Hospital, et al. in Polk County, Iowa.

3. At all times material hereto, Defendant Central Iowa Hospital Corporation employed more than fifteen (15) employees.

4. The amount in controversy exceeds the jurisdictional amount.

1

**EXHIBIT B**

## PROCEDURAL REQUIREMENTS

1.  On or about May 7, 2010, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission.

2.  On or about November 19, 2010, less than 90 days prior to the filing of this Petition at Law, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges.

3.  On or about November 12, 2010, less than 90 days before the filing of this Petitioner at Law, the Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

## FACTUAL BACKGROUND

1.  Plaintiff was hired by Defendant Central Iowa Hospital Corporation on or about January 7, 2002, as a Certified Surgical Technologist.

2.  Plaintiff was a continuous permanent employee of Defendant Central Iowa Hospital Corporation from approximately January 7, 2002 to October 12, 2009.

3.  On or about October 12, 2008, Plaintiff suffered a work-related injury which resulted in work restrictions which lasted from October 12, 2008, through Plaintiff's last day of employment on October 12, 2009.

4.  On October 12, 2009, Plaintiff was discharged from employment.

5.  Plaintiff's termination was the result of Defendants applying a different standard to Plaintiff in regards to the application work rules than that which they apply to other, workers that have not exercised their workers' compensation rights and do not have work restrictions, including the Plaintiff before Plaintiff's work-related injury.

**EXHIBIT B**

## COUNT I: VIOLATION OF THE IOWA CIVIL RIGHTS ACT OF 1965, AS AMENDED, IOWA CODE § 216 (2011).

For a claim against the Defendants, Plaintiff states:

1. From on or about January 7, 2002, until October 12, 2009, Plaintiff was employed by Defendant Central Iowa Hospital Corporation in Polk County, Iowa.

2. While acting on behalf of Defendant Central Iowa Hospital Corporation in supervisory roles, Defendants Nunn, Marshall, Leeper, and Sullivan discriminated against Plaintiff because of her work restrictions and back injury by applying a different standard under the rules and policies of the workplace for Plaintiff's actions as compared to other employees who did not have a disability, including Plaintiff prior to Plaintiff's injury and subsequent work restrictions.

3. While acting on behalf of Defendant Central Iowa Hospital Corporation in supervisory roles, Defendants Nunn, Marshall, Leeper, and Sullivan further discriminated against Plaintiff by frequently moving Plaintiff from department to department and by failing to explain the policies and procedures Plaintiff was to follow regarding her workers' compensation rights, often not explaining to Plaintiff the Defendants' expectations of her until after reprimanding her for ignorantly acting in violation of company rules and policies.

4. Because of the progressive disciplinary policy in effect for employees of Defendant Central Iowa Hospital Corporation, the application of a different standard to Plaintiff under the rules and policies of the workplace as compared to other, non-disabled employees resulted in the termination of Plaintiff's employment by Defendant Central Iowa on or about October 12, 2009. This termination was an act of discrimination in violation of the Act.

5. The discriminatory conduct by Defendants Nunn, Marshall, Leeper, and Sullivan while acting on behalf of Defendant Central Iowa Hospital Corporation

**EXHIBIT B**

## COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, UNITED STATES CODE §§

For a claim against the Defendants, Plaintiff states:

1. From on or about January 7, 2002, until October 12, 2009, Plaintiff was employed by Defendant Iowa Hospital Corporation

2. While acting on behalf of Defendant Central Iowa Hospital Corporation in supervisory roles, Defendants Nunn, Marshall, Leeper, and Sullivan discriminated against Plaintiff because of her work restrictions and back injury by applying a different standard under the rules and policies of the workplace for Plaintiff's actions as compared to other employees who did not have a disability, including Plaintiff prior to Plaintiff's injury and subsequent work restrictions.

3. While acting on behalf of Defendant Central Iowa Hospital Corporation in supervisory roles, Defendants Nunn, Marshall, Leeper, and Sullivan further discriminated against Plaintiff by frequently moving Plaintiff from department to department and by failing to explain the policies and procedures Plaintiff was to follow regarding her workers' compensation rights, often not explaining to Plaintiff the Defendants' expectations of her until after reprimanding her for ignorantly acting in violation of company rules and policies.

4. Because of the progressive disciplinary policy in effect for employees of Defendant Central Iowa Hospital Corporation, the application of a different standard to Plaintiff under the rules and policies of the workplace as compared to other, non-disabled employees resulted in the termination of Plaintiff's employment by Defendant Central Iowa on or about October 12, 2009. This termination was an act of discrimination in violation of the Act.

5. As a result of Plaintiff's termination, Plaintiff has sustained damages in excess of the jurisdictional limit for a small claim.

**EXHIBIT B**

6. Defendant Central Iowa Hospital Corporation's actions were done with malice, entitling Plaintiff to punitive damages.

### COUNT III: TORTIOUS DISCHARGE IN VIOLATION OF THE IOWA PUBLIC POLICY IN FAVOR OF INJURED WORKERS PURSUING THEIR WORKERS' COMPENSATION RIGHTS

For a claim against Defendants, Plaintiff states:

1. Plaintiff was employed by Defendant Central Iowa Hospital Corporation in Polk County, Iowa from on or about January 7, 2002, until October 12, 2009, Plaintiff was employed by Defendant Iowa Hospital Corporation in Polk County, Iowa.

2. On or about October 12, 2008, Plaintiff sustained a work-related injury while working for Defendant Central Iowa Hospital Corporation.

3. Plaintiff pursued her rights under the Iowa Workers' Compensation Act.

4. There is a public policy in the State of Iowa in favor of workers pursuing their workers' compensation rights.

5. After time off for medical treatment of Plaintiff's work-related injuries, Plaintiff returned to work with work restrictions for Defendant Central Iowa Hospital Corporation.

6. Defendant Central Iowa Hospital Corporation retaliated against Plaintiff for exercising her workers' compensation rights by applying a different standard under the rules and policies of the workplace for Plaintiff's actions as compared to other employees who had not sustained a work-related injury, including Plaintiff prior to Plaintiff's work-related injury and subsequent work restrictions.

7. Defendant Central Iowa Hospital Corporation retaliated against Plaintiff for Plaintiff exercising her workers' compensation rights by frequently moving Plaintiff from department to department and by failing to explain the policies and procedures Plaintiff was to

**EXHIBIT B**

follow regarding her workers' compensation rights, often not explaining to Plaintiff the Defendants' expectations of her until after reprimanding her for ignorantly acting in violation of company rules and policies.

8. As a result of Plaintiff's termination, Plaintiff has sustained damages in excess of the jurisdictional limit for a small claim.

9. Defendant Central Iowa Hospital Corporation's actions were done with malice, entitling Plaintiff to punitive damages.

## JURY DEMAND

The Plaintiff hereby requests a jury trial on all counts and matters included in this Petition.

WHEREFORE, Plaintiff respectfully requests judgment against defendants, and each of them, for: compensatory damages; punitive damages; interest on that amount; reasonable attorney fees; costs of suit; and such other and further relief as the Court may deem just and proper to fully, fairly and adequately compensate her for the damages sustained.

Respectfully submitted,

HEDBERG & BOULTON, P.C.

*[signature]*

Benjamin G. Humphrey (AT0009977)
100 Court Avenue, Suite 425
Des Moines, Iowa 50309
Telephone:   (515) 288-4148
Facsimile:    (515) 288- 4149
Email:         bhumphrey@hedberglaw.com

ATTORNEY FOR PLAINTIFF

## EXHIBIT B